**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF MARYLAND**
NORTHERN DIVISION
TOWER II, 9TH FLOOR
100 SOUTH CHARLES STREET
BALTIMORE, MARYLAND 21201-2705
TEL: (410) 962-3962
FAX: (410) 962-0872
TOLL FREE: (855) 213-8450

JAMES WYDA
FEDERAL PUBLIC DEFENDER

CARRIE HOWIE CORCORAN
ASSISTANT FEDERAL PUBLIC DEFENDER

August 28, 2012

Captain Gabriel Podesta
Special Assistant United States Attorney
11 WG/JA
1500 West Perimeter Road, Suite 2110
Andrews AFB, Maryland 20762

Re: *United States v. Elizabeth C. Letourneau*
Case No.: 12-0348M

Dear Captain Podesta:

On behalf of Elizabeth C. Letourneau, I hereby request discovery in the above-referenced case, and consent to trial before a Magistrate Judge on a complaint, reserving only the right to elect a jury or non-jury trial.

Pursuant to Federal Rules of Criminal Procedure 12(d)(2) and 16(a) and Federal Rule of Evidence 404(b), I request the following:

1. Any written or recorded statement made by the defendant, or copies thereof, within the possession, custody or control of the government, the existence of which is known or by the exercise of due diligence may become known, to the attorney for the government, including the recorded testimony of the defendant before a grand jury which relates to the offense charged, as required under Rule 16(a)(1)(A) of the Federal Rules of Criminal Procedure.

2. The substance of any oral statement made by the defendant, whether before or after arrest and in response to interrogation by any person known to the defendant to be a government agent, and whether or not the government intends to offer it in evidence at trial, as required by Rule 16(a)(1)(A) of the Federal Rules of Criminal Procedure.

3. A copy of the defendant's prior criminal record, if any, within the possession, custody or control of the government, the existence of which is known, or by exercise of due diligence may become known, to the attorney for the government, as required by Rule 16(a)(1)(B) of the Federal Rules of Criminal Procedure.

4. All books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence at trial or were obtained or belong to the defendant, as required by Rule 16(a)(1)(C) of the Federal Rules of Criminal Procedure.

5. Results and reports of physical or mental examinations and of scientific tests or experiments, or copies thereof, which are within the possession, custody or control of the government, the existence of which are known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defendant's defense herein or are intended for use by the government as evidence in its case in chief at trial as required by Rule 16(a)(1)(D) of the Federal Rules of Criminal Procedure.

6. A written summary of testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case in chief at trial, including a description of the witnesses' opinions, the bases and the reasons therefor, and the witnesses' qualifications, as required by Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure.

7. Notice and evidence of any other crimes, wrongs, or acts the government intends to introduce at trial in this matter in accordance with Federal Rule of Evidence 404(b).

Pursuant to the United States Constitution and relevant case law interpreting its provisions, including Brady v. Maryland, 373 U.S. 83 (1963) and Giles v. Maryland, 386 U.S. 66 (1967), I also request production of evidence within the possession, custody or control of the government or its attorney, the existence of which is known or which by the exercise of due diligence may become known to the government or its attorney, which is favorable to the defendant and which is material to either the issue of guilt or the issue of punishment, including the following:

1. Any information in the government's possession that might be used to impeach the credibility of key government witnesses. See Giglio v. United States, 405 U.S. 150, 154-55 (1972); United States v. Herberman, 583 F.2d 222, 229 (5th Cir. 1978).

2. Any evidence of a witness' failure to identify the defendant, either by way of a witness statement or the failure to identify the defendant at a pre-trial confrontation by way of lineup, photographic identification, or show-up. See Jones v. Jago, 575 F.2d 1164, 1168-69 (6th Cir. 1978).

3. The existence, substance and manner of execution of any promises, agreements, understandings and arrangements, either verbal or written, between the government and any prosecution witness, or his or her attorneys, or representatives, wherein the government has agreed, either explicitly or implicitly, not to prosecute the witness for any crime or crimes, not to prosecute a third party for any crime or crimes, to provide a formal grant of statutory immunity or to provide an informal assurance that the witness will not be prosecuted in connection with any testimony given

by him or her, to recommend leniency in sentencing for any crime or crimes for which he or she is convicted, to recommend a particular sentence for any crime or crimes for which he or she is convicted, to cause the change of identity of such witness, or to provide any other favorable treatment or consideration to the witness, or his or her friends or relatives.

4. All evidence arguably demonstrating that the conduct of the defendant was done without criminal intent or any evidence tending to show that the defendant did not act knowingly.

5. All negative evidence and information in the possession of the government which shows that the defendant was not involved in or connected with, or had no part in activities or statements made by any co-defendants, or co-conspirators who have not been named as defendants.

6. Any information pertaining to the credibility, bias or motive of a government witness, including:

(a) Criminal records of prospective government witnesses;

(b) Any and all records and information revealing prior misconduct or bad acts attributed to a prospective government witness;

(c) Any evidence of bias on the part of a prospective government witness which might be admissible under Rules 404(b), 607 or 608(a) or (b) of the Federal Rules of Evidence;

(d) A complete disclosure as to any mental examinations of any prospective government witness, whether psychiatric or psychological, including any tests conducted during said examinations; and

(e) All reports, accounts, lists of questions and answers, results and interpretations of polygraph tests given to individuals and to prospective government witnesses who have given or might have information about the same events and transactions referred to in the indictment or other charging document.

Pursuant to Federal Rule of Criminal Procedure 26.2 and 18 U.S.C. § 3500, I also request that you produce, at the earliest possible date, any statements of prospective government witnesses that are in the government's possession and that relate to the subject matter concerning which the witness will testify.

I do not intend to file a formal discovery motion with the Court unless you advise me that you are unable or unwilling to comply with any aspect of this request.

Thank you for your assistance in this matter.

Sincerely,

/s/
Carrie Howie Corcoran, #14136
Assistant Federal Public Defender

CHC/mjw